IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

THE VILLAGE OF CAMDEN, OHIO

    Plaintiff,

vs.

BOARD OF COUNTY COMM'S
OF PREBLE COUNTY, OHIO

    Defendant.

Case No. 3:10 CV 477

JUDGE TIMOTHY S. BLACK

**MOTIONS TO DISMISS**
(RULE 12(B)(1), (B)(6))

**MOTION FOR MORE DEFINITE STATEMENT** (RULE 12(E))

**MOTION TO QUASH SERVICE**
(12(B)(5))

\* \* \* \* \* \* \* \* \* \* \* \*

Now comes the Defendant and hereby moves this Court as follows:

1. to dismiss Count V of the above case, entitled "Constitutional Violations" for lack of subject matter jurisdiction and for failure to state a claim, this pursuant to Fed. Civ. R. 12(b)(1) and (b)(6), respectively,

2. to dismiss all remaining counts pending against Defendant, which counts are entirely

OFFICE OF THE
PREBLE COUNTY
PROSECUTING ATTORNEY
COURTHOUSE, FIRST FLOOR
EATON, OHIO 45320
PHONE (937) 456-8156

1

predicated upon state law, this pursuant to Fed. Civ. R. 12(b)(1), 42 U.S.C. §1367(c)(3),

3. to dismiss Count VI of the above case, entitled "Failure to Comply With Other [sic] Ohio Public Records Act and Ohio's Sunshine Law" for failure to state a claim, this pursuant to Fed. Civ. R. 12(b)(6),

4. to require from Plaintiff a more definite statement with respect to the alleged violation(s) of Ohio's Sunshine Law as alleged in Count VI of the above complaint, this pursuant to Fed. Civ. R. 12(e), and

5. to quash service of this complaint for insufficient service of process, this pursuant to Fed. Civ. R. 12(b)(4) and (5).

Respectfully submitted,

Martin P. Votel, (0067717)
Prosecuting Attorney, Preble County, Ohio
Preble County Courthouse
101 East Main Street, First Floor
Eaton, Ohio 45320
(937) 456-8156
(937) 456-8199(FX)
mvotel@prebco.org

OFFICE OF THE
PREBLE COUNTY
PROSECUTING ATTORNEY
COURTHOUSE, FIRST FLOOR
EATON, OHIO 45320
PHONE (937) 456-8156

# MEMORANDUM

**BRANCH I.** Count V, entitled, "Constitutional Violations" should be dismissed. Plaintiff, as a political subdivision of the State of Ohio, has no cognizable protections under the United States Constitution vis-à-vis Defendant, another political subdivision of the State of Ohio. Accordingly, Plaintiff lacks standing, fails to state a claim for which relief can be granted pursuant to Fed. Civ. R. 12(B)(6), and fails to raise a justiciable federal question conferring subject matter jurisdiction upon this Court pursuant to Fed. Civ. R. 12 (B)(1).

## I. FACTS:

Plaintiff, the Village of Camden, is a municipality, and therefore a "political subdivision" under Ohio state law.[1] Defendant, the Board of County Commissioners of Preble County, Ohio (hereinafter, "the Board"), is the three-person governing body of Preble County, Ohio and also a "political subdivision" of the State.[2] Plaintiff alleges that the parties entered a contract whereby Defendant agreed to construct a sewer line – or "force main" – from the Preble County landfill to a water treatment facility owned and operated by Plaintiff.[3] The purpose of the proposed project was to transport untreated run-off, or "leachate", from the landfill to Plaintiff's treatment facility.[4]

After negotiations with Plaintiff, Defendant issued a public "Request for Proposals" soliciting competing bids on the project. After weighing the relative merits of

OFFICE OF THE
PREBLE COUNTY
PROSECUTING ATTORNEY
COURTHOUSE, FIRST FLOOR
EATON, OHIO 45320
PHONE (937) 456-8156

---

[1] *See*, "Complaint for Declaratory Judgment" (hereinafter "Complaint"), at P2, 3.
[2] *See*, Complaint, P3; *See also*, R.C. 2744.01(F); *See generally*, R.C. Chapters 305, 307.
[3] Complaint, P5-10; *See also*, <u>Id.</u> At Count I-Breach of Contract, p.6.
[4] <u>Id.</u>

3

the proposals, Defendant awarded the project to the community of Lakengren.[5] In Count V, Plaintiff alleges that in awarding the contract to Lakengren, Defendant violated Plaintiff's civil rights, a claim filed pursuant to 42 U.S.C. §1983.[6] Specifically, Plaintiff alleges that its "constitutionally protected rights in the agreements" were abused by Plaintiff "without due process of law in violation of the Fifth Amendment of then [sic] United States Constitution and the Due Process Clause of the Fourteenth Amendment of the United States Constitution..."[7]

## II. LAW AND ARGUMENT

Fed. Civ. R. 12 (b)(1) provides that an action may be dismissed for lack of subject matter jurisdiction. This court has found that "plaintiffs have the burden of proving jurisdiction in order to survive a Rule 12(b)(1) motion..."[8] A case will only be dismissed pursuant to Fed. Civ. R. 12(b)(6) where "there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief."[9] Plaintiff's constitutional claims fail as a matter of law, as both the United States Supreme Court and the Sixth Circuit have held that political subdivisions within a single state have no Fourteenth Amendment protections against the state or other political subdivisions. As such, Plaintiff's complaint should be dismissed pursuant to Fed. Civ. R. 12(b)(1) & (6) as it is unable to show that this court has subject matter jurisdiction over this case.

OFFICE OF THE
PREBLE COUNTY
PROSECUTING ATTORNEY
COURTHOUSE, FIRST FLOOR
EATON, OHIO 45320
PHONE (937) 456-8156

---

[5] Complaint, P28.
[6] Complaint, P95.
[7] Complaint, P98, 100.
[8] Tackett v. M & G Polymers USA, Inc, 523 F.Supp.2d 684 (6th Cir. 2007), citing to Weaver v. Univ. of Cincinnati, 758 F.Supp. 446, 448 (S.D. Ohio 1991).
[9] Tackett v. M & G Polymers USA, Inc, 523 F.Supp.2d 684 (6th Cir. 2007) citing to The Limited, Inc. v.

4

A.   Political Subdivisions Lack Standing to Assert Fourteenth Amendment Claims Against the State of Ohio or Any of Its Political Subdivisions

The United States Supreme Court long ago recognized the distinct limitations on the rights of public corporations: "…a state's power to regulate a private corporation was limited by the United States Constitution, whereas the Constitution did not act as a bar for the state's regulation of its own public corporations…"[10] The High Court later expounded on this concept that the rights of political subdivisions are subject to the will of the state without limitation by the United States Constitution: "Being a subdivision of the state, the State may withhold, grant, or withdraw powers and privileges [from a municipality] as it sees fit…it remains the creature of the State exercising and holding powers and privileges subject to the sovereign will."[11] For this very reason, the United States Supreme Court has concluded that a municipal corporation "cannot invoke the protection of the Fourteenth Amendment" against its own state.[12]

In the years since the passage of 42 U.S.C. §1983, many federal appellate circuits have relied upon the precedent of Trenton and Newark in holding, over-whelmingly, that political subdivisions are not afforded Fourteenth Amendment protections vis-à-vis their state sovereign, or its political subdivisions. *See* City of Moore v. Atchinson, 699 F.2d 507, 512 (10th Cir., 1983)(holding city lacked standing to challenge zoning statute under equal protection clause); Tahoe v. Cal. Tahoe Regional Planning, 625 F2d. 231, 233 (9th Cir. 1980)(holding that political subdivision could not challenge land use regulations on

OFFICE OF THE
PREBLE COUNTY
PROSECUTING ATTORNEY
COURTHOUSE, FIRST FLOOR
EATON, OHIO 45320
PHONE (937) 456-8156

---

PDQ Transit, Inc., 160 F.Supp.2d 842, 843 (S.D.Ohio 2001).
[10] South Macomb Dispoal v. Washington (6th Cir.), 790 F.2d 500, 502 (1986)(citing Trustees of Dartmouth College v. Woodward, 4 L.Ed. 629(1819).

5

constitutional grounds against another subdivision of same state); <u>City of New York v. Richardson</u>, 473 F2d. 923, 929 (2nd Cir., 1973)(holding that city could not invoke federal constitutional protections against state statute).

The Sixth Circuit has been consistent in dismissing federal constitutional claims between political subdivisions of the same state. In <u>South Macomb</u>, a municipal corporation (South Macomb Disposal Authority) challenged a township decision to impose additional conditions on Macomb's application for a soil removal permit, claiming the decision deprived Macomb of due process and equal protection under the Fourteenth Amendment.[13] In affirming the district court's dismissal for failure to state a claim, this Court held:

> Therefore, the Fourteenth Amendment simply does not prescribe guidelines and impose restrictions upon one political subdivision vis-à-vis another political subdivision. The relationship between the entities is a matter of state concern; the Fourteenth Amendment protections and limitations do not apply.[14]

As recently as 2008, the Sixth Circuit again dismissed an inter-subdivision constitutional claim. In <u>Greater Heights Academy</u>, a charter school filed a § 1983 action against state public school officials in their official capacities.[15] The suit, which alleged deprivation of due process under the Fourteenth Amendment, was dismissed by the district court for failure to state a claim pursuant to Fed. R. Civ. P 12(B)(6). <u>In affirming the dismissal, this Court framed the issue succinctly</u>: "The sole issue on appeal is whether Appellants are political subdivisions that therefore cannot invoke the protection

OFFICE OF THE
PREBLE COUNTY
PROSECUTING ATTORNEY
COURTHOUSE, FIRST FLOOR
EATON, OHIO 45320
PHONE (937) 456-8156

---

[11] <u>Id.</u>(citing <u>City of Trenton v. New Jersey</u>, 262 U.S. 182, 187 (1923)).
[12] <u>Id.</u>(citing <u>City of Newark v. New Jersey</u>, 262 U.S. 192, 196(1923)).
[13] <u>South Macomb v. Washington</u>,(6th Cir., 1986), 790 F2d. 500.
[14] <u>Id.</u> at HN2, 3.
[15] <u>Greater Heights Academy v. Zelman</u> (6th Cir., 2008), 522 F3d. 678.

6

of the Fourteenth Amendment against the State of Ohio."

As discussed, Plaintiff herein is a political subdivision of the State of Ohio alleging federal constitutional violations against Defendant, another political subdivision of the state. As <u>Macomb</u> and <u>Greater Heights</u> make clear, the Fourteenth Amendment to the United States Constitution simply does not apply or offer any protection to Plaintiff under these circumstances. As any/all Fifth Amendment protections would apply to the states <u>through</u> the Fourteenth Amendment via the "incorporation doctrine", Plaintiff's additional Fifth Amendment due process claim does nothing to alter this analysis: Plaintiff is without a Constitutional claim.

As Plaintiff lacks standing to allege a constitutional violation, as Plaintiff has failed to state a claim upon which relief can be granted (Fed. R. Civ. P. 12(B)(6)), and as there is no justiciable federal question conferring subject matter jurisdiction on this Court (Fed. R. Civ. P. 12(B)(1), 28 U.S.C. § 1331), Count V of the complaint should be dismissed.

**BRANCH II.** As Plaintiff is without a single federal question conferring original subject matter jurisdiction upon this Court, Plaintiff's remaining claims – all of which are predicated upon state law – should be dismissed; this Court should exercise its discretion pursuant to 28 U.S.C. § 1367(c)(3) to decline supplemental federal jurisdiction.

I.   FACTS:

Provided the Court grants Defendant's motion to dismiss Count V of the complaint, every remaining cause of action before this Court will be based solely on <u>state</u> statutes and <u>state</u> constitutional provisions. In such instance, the interests of comity with

7

OFFICE OF THE
PREBLE COUNTY
PROSECUTING ATTORNEY
COURTHOUSE, FIRST FLOOR
EATON, OHIO 45320
PHONE (937) 456-8156

the state judicial system, consistent application of precedent, and judicial economy all militate in favor of this Court declining supplemental jurisdiction per 28 U.S.C. § 1367(c)(3).

## II. LAW AND ARGUMENT

By statute, this Court has supplemental subject matter jurisdiction over any state law claims which are closely related to federal question causes of action:

…in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy…[16]

The Court <u>may</u>, however, exercise its discretion to deny supplemental jurisdiction over pendant state claims if "the district court has dismissed all claims over which it has original jurisdiction."[17] The idea here is that once the proper federal claim has been dismissed, the crutch which once supported supplemental jurisdiction over the other claims disappears; under such circumstances, the other claims should not remain in federal court for adjudication.[18] In making such decision, the Court should make a "case-specific" analysis hinging on (among other factors) <u>when</u> in the litigation process the motion is made: if the motion is made early – before any substantial investment of time and money by the parties – dismissal is suggested.[19] Other considerations are the values of judicial economy, fairness, and comity with state courts.

The present case is, in essence, a state breach of contract claim – nothing more,

---

[16] 28 U.S.C. § 1367(a).
[17] 28 U.S.C. § 1367(C)(3)(*emphasis added*).
[18] *See*, 28 U.S.C.A. § 1367, Editor's Notes pertaining to subsection (c)(3).
[19] Id.

8

OFFICE OF THE
PREBLE COUNTY
PROSECUTING ATTORNEY
COURTHOUSE, FIRST FLOOR
EATON, OHIO 45320
PHONE (937) 456-8156

nothing less. Plaintiff alleges state torts of "Breach of Joint Venture" (Count II) and "Breach of Fiduciary Duty" (Count III) flowing directly from the alleged "Breach of Contract"(Count I). Count IV alleges violation of state competitive bidding statutes, and Count VI alleges a violation of state public records and open meetings law; both of these charges flow directly from the alleged contract breach and related bidding procedures.

The alleged federal question – the § 1983 action alleging Fourteenth Amendment violations – is an unsubstantiated and unsubstantial claim which is merely incidental to the primary state-law controversy. Should the Court accept Defendant's invitation to dismiss this federal claim, the remaining causes of action will sound exclusively in state law. State claims should be litigated in state court in the interests of comity and consistency. At present, this case is in its infancy, with very little resources invested by either party. If this Court were to decline supplemental jurisdiction over the state claims, the resulting dismissal would not impose an undue burden on Plaintiff, as the claims would remain viable in state court under the statutes of limitations.

As argued, *supra*, this Court should dismiss Count V – the only federal question asserted in the complaint. In such instance, *every* circumstance suggests that this Court should likewise decline supplemental jurisdiction over the remaining state claims pursuant to 28 U.S.C. § 1367(C)(3).

**BRANCH III.** Count VI of the Complaint, entitled, "Failure to Comply With Other [sic] Ohio Public Records Act and Ohio's Sunshine Law" should be dismissed *as it pertains to the alleged Public Records violation*, because the complaint fails to state a claim upon which relief can be granted pursuant to Fed. Civ. R. 12(B)(6).

OFFICE OF THE
PREBLE COUNTY
PROSECUTING ATTORNEY
COURTHOUSE, FIRST FLOOR
EATON, OHIO 45320
PHONE (937) 456-8156

I.  **FACTS:**

Plaintiff claims that Kyle Cross, the Chief Deputy of the County Engineer's Office, failed to disclose an alleged public record when same was requested "from the Village".[20] Plaintiff further alleges that said refusal violates section 149.43 of the Ohio Revised Code, thus forming the legal basis for Count VI.[21]

II. **FACTS AND ARGUMENT:**

As mentioned, your named Defendant is the three-person governing body for the political subdivision of Preble County, Ohio.[22] The office of the Preble County Engineer is a separate and distinct office of county government headed by a separately-elected official known as the "county engineer."[23] The budget of the county engineer is primarily funded by motor vehicle license fees and fuel taxes, and *not* by the county general fund controlled by the county commission.[24] The county engineer is a separate body politic, capable of suing and being sued in its own capacity.[25]

Ohio's Public Records Law, R.C. § 149.43, *et seq.*, defines a "public record" as any record "kept by any *public office*, including, but not limited to, state, county, city, village, township, and school district units..."[26] A "public office" includes "any state agency, public institution, political subdivision, or other organized body, office, agency, institution, or entity established by the laws of this state for the exercise of any function

---

[20] Complaint, P105-112.
[21] Id.
[22] Complaint, P3.
[23] R.C. § 315.01.
[24] R.C. § 315.12.
[25] *See generally,* Coleman v. Portage County Engineer, 2010 WL 5296846 (Ohio App. 11 Dist., 12/20/2010).
[26] R.C. § 149.43(A)(1)(*emphasis added*).

OFFICE OF THE
PREBLE COUNTY
PROSECUTING ATTORNEY
COURTHOUSE, FIRST FLOOR
EATON, OHIO 45320
PHONE (937) 456-8156

10

of government."[27]

Plaintiff alleges that Kyle Cross "is and was at all times pertinent to this action Chief Deputy of the Preble County Engineers Office."[28] It was Mr. Cross – *an employee of the Preble County Engineer* – who allegedly refused to remit a public record in violation of law. In this instance, the Engineer was the "public office" to whom the request was directed; the Engineer was the keeper of the requested "public record." And yet, the Preble County Engineer's Office has not been named a defendant in the present action.

Plaintiff attempts an end-run around this problem by claiming that Mr. Cross was operating as an agent of the county commission (presumably, then, the county commission could be held liable for any public records decision made by any employee of the Engineer's Office, provided the requested document was commonly possessed by both the engineer and the county commission!).[29] Defendant submits there was no actual or apparent agency in this regard.[30] Simply put, public offices can't be held to answer for the public records decisions of those who are not employed by them. If Plaintiff wanted a copy of a public record kept by Defendant, Plaintiff could have directed a public records request directly to Defendant, its officers, or its employees. Conversely, if Plaintiff is aggrieved by the public records response of another "public office", that public office is the appropriate defendant.

Because Plaintiff by its own admission never submitted a public records request to

---

[27] R.C. § 149.011(A)
[28] Complaint, P108.
[29] *See*, Complaint, P109.

11

OFFICE OF THE
PREBLE COUNTY
PROSECUTING ATTORNEY
COURTHOUSE, FIRST FLOOR
EATON, OHIO 45320
PHONE (937) 456-8156

Defendant, Plaintiff has failed to state a claim upon which relief can be granted by this Court. Count VI should be dismissed pursuant to the authority of Fed. Civ. R. 12(b)(6).

**BRANCH IV:** Defendant moves this Court to demand from Plaintiff a more definite statement with respect to the alleged violations of Ohio's Sunshine Laws, asserted in paragraphs 113 and 114 of the Complaint.

I. **FACTS:**

Plaintiff alleges in Paragraph 113 of the Complaint that "Upon belief and information, the Board has engaged in discussions or negotiations, and taken action that was not in a public forum in violation of Ohio's Sunshine Law, Ohio Rev. Code § 121.22. It appears that the Board has also failed to properly prepare minutes of meetings in violation of Ohio Rev. Code § 121.22."

II. **LAW AND ARGUMENT:**

Fed. Civ. R. 12(e) provides that "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Although 12(e) motions are not generally favored by federal courts in view of the "notice pleading" standards, such motion is nevertheless well-taken when the pleading is so vague that it is unreasonable to expect that a responsive pleading may or can be framed.[31]

In the present case, Plaintiff has alleged a plenary violation Ohio R.C. § 121.22, a statute which itself proscribes many different kinds of conduct on the part of a public body and its officers. Plaintiff alleges no dates, places, times, individuals, specific

OFFICE OF THE
PREBLE COUNTY
PROSECUTING ATTORNEY
COURTHOUSE, FIRST FLOOR
EATON, OHIO 45320
PHONE (937) 456-8156

---

[30] Affidavit of Kyle Cross, attached as Exhibit A.

conduct, or such details as would enable Defendant to formulate a reasonable response to the allegation. Accordingly, this Court should issue an order for a more definite statement requiring Plaintiff to narrow its plenary allegation.

**BRANCH V.** This Court should quash service of process in this case, as service was not perfected upon Defendant pursuant to Fed. Civ. R. 4(j).

I.  FACTS:

Plaintiff filed suit in this case on December 29, 2010.[32] On January 3, 2011, a copy of the complaint was given to Ms. Kimberlee Keller, an administrative assistant in the Office of the County Commission, Preble County located on the first floor of the courthouse in Eaton, Ohio.[33] There was no summons accompanying the complaint.[34] Ms. Keller is not the "chief executive officer" of the county, nor is she an "officer responsible for the administration of the office" of the county commission.[35]

II.  LAW AND ARGUMENT:

Fed. Civ. R. 4(c) specifies that a "summons must be served with a copy of the complaint." When filing suit against a unit of local government, service must be made either by delivering the summons and complaint to the "chief executive officer" or by service in keeping with state law for service on such a defendant."[36] In Ohio, the state Rules of Civil Procedure specify that a county must be served "by serving the officer responsible for the administration of the office…or by serving the prosecuting

---

OFFICE OF THE
PREBLE COUNTY
PROSECUTING ATTORNEY
COURTHOUSE, FIRST FLOOR
EATON, OHIO 45320
PHONE (937) 456-8156

[31] Federal Insurance Co. v. Webne (USDC, ND OHIO), 513 F. Supp2d. 921, 924 (2007).
[32] Complaint, p.1.
[33] Affidavit of Ms. Kim Keller (hereinafter "Keller Aff."), attached as Exhibit B.
[34] Id.
[35] Id.
[36] Fed. Civ. R. 4(j).

attorney."[37] Under the federal rules, a plaintiff has 120 days to effect service upon a defendant, or the court may order a dismissal of the claim without prejudice.[38] Short of dismissal, the Court may order that service be quashed, while retaining the case on its docket.[39]

In <u>Coomer v. Sharp Electronics Corp.</u>, Defendant filed an affidavit with a Fed. Civ. R. 12(b)(5) motion representing that only a complaint – not a summons – had been served.[40] The Court, in finding that service of both documents is mandatory under the rules and that more than 120 days had elapsed since the filing of suit, dismissed the case without prejudice.

In the present case, it has been fewer than 120 days since the filing of suit, and accordingly, dismissal is not being requested. However, the fact remains that Defendant has never been served with a copy of the summons, and the document which was served – the complaint – was served upon a county employee whose title and duties do not qualify her as either the "chief executive officer" of the county, or an "officer responsible for the administration of the office." As proper service is a predicate for personal jurisdiction, and as any alleged failure of service must be alleged herein or be waived, Defendant moves this Court to quash service.

OFFICE OF THE
PREBLE COUNTY
PROSECUTING ATTORNEY
COURTHOUSE, FIRST FLOOR
EATON, OHIO 45320
PHONE (937) 456-8156

---

[37] Ohio Civ. R. 4.2(L).
[38] Fed. Civ. R. 4(m)
[39] *See*, Federal Practice and Procedure, § 1354.
[40] <u>Coomer v. Sharp Electronics Corp.</u>, 181 F.R.D 689 (N.D. Illinois 1998).

14

Respectfully submitted,

*[signature]*

Martin P. Votel (0067717) (Lead Counsel)
Prosecuting Attorney, Preble County, Ohio
Kathryn M. Worthington (0073813)
Assistant Prosecuting Attorney, Preble County, Ohio
101 E. Main St., Courthouse, First Floor
Eaton, Ohio 45320
937-456-8156
937-456-8199(FX)
mvotel@prebco.org

## PROOF OF SERVICE

I hereby certify that a copy of the foregoing answer was served by regular U.S. mail, postage prepaid, this 21st day of January, 2011 upon

James M. Hill (0030633)
2365 Lakeview Drive, Suite A
Beavercreek, Ohio 45431-3639
(937) 427-2000
Attorney for Plaintiff

Ira H. Thompson (0023965)
140 North Main Street
P.O. Box 639
Springboro, Ohio 45066
(937) 748-5001
Attorney for Plaintiff

*[signature]*

Martin P. Votel (0067717)
Prosecuting Attorney
Preble County, Ohio

OFFICE OF THE
PREBLE COUNTY
PROSECUTING ATTORNEY
COURTHOUSE, FIRST FLOOR
EATON, OHIO 45320
PHONE (937) 456-8156

STATE OF OHIO
COUNTY OF PREBLE }ss:



Kyle Cross, being first duly cautioned and sworn, and stating that he is competent to testify to the matter stated herein, states as follows:

1. I am currently employed as Chief Deputy by the Preble County Engineer;

2. I am not an employee of the Preble County Board of County Commissioners;

3. I have never been an employee of the Preble County Board of County Commissioners;

4. I am not the Records Custodian or Records Manager nor do I have custody over the records of the office for the Preble County Board of County Commissioners;

5. I have never been given authority by the Preble County Board of County Commissioners to serve as the Record Custodian or Records Manager or custodian of records for that office;

6. I have never represented to any person that I serve as the Records Custodian or Records Manager for the Preble County Board of County Commissioners or have custody over the records for that office;

7. I have never represented to a member of the Village of Camden Council that I serve as the Records Custodian or Records Manager for the Preble County Board of County Commissioners or have custody over that office's records.

Further, Affiant saith naught.

_____
Kyle Cross

Sworn to and subscribed in my presence this 21 day of JANUARY, 2011.

_____
Notary Public, State of Ohio

SARAH L. MILLER, Notary Public
In and for the State of Ohio
My Commission Expires 11/8/2014

OFFICE OF THE
PREBLE COUNTY
PROSECUTING ATTORNEY
COURTHOUSE, FIRST FLOOR
EATON, OHIO 45320
PHONE (937) 456-8156

STATE OF OHIO

COUNTY OF PREBLE } ss:



EXHIBIT B

   Kimberlee Keller, being first duly cautioned and sworn, and stating that she is competent to testify to the matter stated herein, states as follows:

1.  I am currently employed as an Administrative Assistant in office of the Preble County Board of County Commissioners;

2.  I am not responsible for the administration of the office of the Preble County Board of County Commissioners;

3.  On January 3, 2010, a complaint captioned The Village of Camden, Ohio v. Board of County Commissioners of Preble County, Ohio, Case No. 3:10cv477 was handed to me by a man unknown to me;

4.  There was no summons attached to the complaint, nor was I handed a summons separately from the complaint.

            Further, Affiant saith naught.

            _Kimberlee A. Keller_
            Kimberlee Keller

Sworn to and subscribed in my presence this 21ST day of January, 2011.

            _Connie R. Crowell_
            Notary Public, State of Ohio



OFFICE OF THE
PREBLE COUNTY
PROSECUTING ATTORNEY
COURTHOUSE, FIRST FLOOR
EATON, OHIO 45320
PHONE (937) 456-8156